Brassard, J.
The underlying action was tried before a jury in 1991. The remainder of the case was tried before Judge Lopez, jury waived, in 1993. The case has lingered on the Superior Court docket due to neglect on the part of both the plaintiff and the defendant. Presently, before the court is Ralph Malta’s (“Malta”) motion to reconsider Raymond A. Snow’s (“Snow") ex parte motion for execution to issue late which was allowed by this court on May 27, 1998, and Malin’s motion for leave to file notice of appeal late. For the reasons stated below, the motion to reconsider and the motion to file a notice of appeal late are both denied.
BACKGROUND
The docket, which is comprised of both hand written entries and computer entries, reflects the following: Snow obtained a verdict for $24,000 in a jury trial before Judge Mitchell, on May 4, 1991. Malin filed a motion for new trial which was denied in an order dated June 19, 1991. On June 27, 1991, Malin filed a “protective” notice of appeal from the jury verdict and from the order denying the motion for new trial. No final judgment entered on the jury verdict.
In 1993, the remainder of the case was tried jury waived before Judge Lopez. On September 2, 1993, Judge Lopez issued findings of fact, rulings of law and an order for judgment awarding $8,000 to Malin. On October 4, 1993, Malta filed a “protective” notice of appeal from Judge Lopez’s findings.[1] No final judgment entered.
On October 10, 1995, judgment entered[2] as follows:
It is Ordered and Adjudged: 1.) That the plff recover of the deft the sum of $24,000.00 with interest thereon from Jan. 23, 1990 in the sum of $16,529.77 and costs. 2.) That counts 1, 2 and 3 of of [sic] deft’s counterclaim be dismissed. 3.) That the plff in counterclaim, Ralph A. Malta recover of the deft in counterclaim, Raymond A. Snow on count 4 of the counterclaim the sum of $8,000.00 with interest thereon from Feb 14, 1990 in the sum of $5,453.36 and costs. (Lopez, J.) copies mailed this day 19 Oct 1995.
Notice of appeal was not filed within thirty days of the date of the entry of the judgment as required by *48 Massachusetts Rule of Appellate Procedure 4(a).[3] On June 2, 1997, exhibit removal notices were mailed and the exhibits were picked up by Snow on June 10, 1997.
On May 27,1998, Snow filed an ex parte motion for issuance of execution late. On May 29, 1998, the motion for issuance of execution late was allowed. On June 10, 1998, Malin filed this motion to reconsider allowance of the ex parte motion for issuance of execution late and motion for leave to file notice of appeal late.
Malin argues that the Court should reconsider its allowance of Snow’s ex parte motion for execution late because Malin did not receive notice of that motion. Further, Malin requests that the court allow his motion to file notice of appeal late arguing that Snow’s motion for execution was also late and that Snow would not be prejudiced if the Court were to allow the motion to file notice of appeal late.
Snow contends that Malin’s motion to revive the appeal should be denied because Malin has failed to meet the obligations imposed on an appellant under Mass.R.A.P. 9(c)(2) which requires the appellant to assemble the record. In addition, Snow argues that allowance of Malin’s motion would be inconsistent with Mass.R.A.P. 14(b) which precludes the appellate courts from enlarging the time for notice of appeal beyond one year from the date of entry of judgement.
DISCUSSION
Where, as here, Malin asks the Court for leave to file a notice of appeal after a final, unappealed from judgment entered more than two and a half years ago, the Court treats the motion as raising issues similar to a motion for relief from judgment pursuant to Mass. Rule of Civil Procedure 60(b). Rule 60(b), in relevant part, provides as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect: ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason!) (1) not more than one year after the judgment, order or proceeding was entered or taken.
The decision to exercise the power to grant post judgment relief rests “within the sound discretion of the judge ...” Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 429 (1979); Cullen Enterprises, Inc. v. Massachusetts Ins. Underwriting Assoc., 399 Mass. 886, 394 (1987). The burden of justifying the motion is on the moving party who “must make some showing of why he was justified in failing to avoid mistake or inadvertence.” Cullen Enterprises, Inc. v. Massachusetts Ins. Underwriting Assoc., 399 Mass, at 894. Citing Reporters’ Notes to Mass.R.Civ.P. 60 (b); 11 C.A. Wright & Miller §2858, at 170 (1973); Murphy v. Administrator of the Division of Personnel Administration, 377 Mass. 217, 228 (1979) (“relief is granted under this section only if the party seeking relief demonstrates that the mistake, inadvertence or neglect was excusable and was not due to his own carelessness”).
In the present case, Malin asks for relief from a judgment which entered on October 10, 1995. Rule 60(b) requires that a motion pursuant to 60(b)(1) for relief from judgment due to mistake, inadvertence, surprise or excusable neglect must not be brought more than one year after the judgment entered. Therefore, Malin is not entitled to relief under 60(b)(1) because he makes his request over two and a half years after entry of judgment. Compare Mass.R.A.P. 14(b) (“neither the appellate court nor a single justice may enlarge the time for filing a notice of appeal beyond one year from the date of entry of the judgment or order sought to be reviewed . . ."). The Court is mindful that Malin attributes his failure to file a timely appeal to lack of notice from the Clerk’s office. However, the Court concludes that Malin has failed to meet his burden of showing that the neglect was not due to his own carelessness in failing to determine the status ofhis case between 1993 and 1996.[4] Malin is similarly precluded from obtaining post judgment relief pursuant to 60(b)(6) as that rule requires that a motion for relief be filed within a reasonable time and that there be a reason justifying relief from the operation of the judgment. Here, Malin has failed to put forth a reason to warrant the extraordinary relief he requests. Furthermore, the motion was not filed within a reasonable time.
ORDER
For all the reasons stated above, it is hereby ORDERED that Malin’s motion for reconsideration and for leave to file a notice of appeal late be DENIED.

In both the written motion and the hearing on this matter, counsel for Malin stated that he did not receive notice of any action taken on the case between 1993, when he filed his appeal, and 1998, when he received notice of the issuance of execution on the judgment. Malin’s counsel attributed the lack of notice to the fact that the docket was computerized and may not have accurately reflected his change of address.

Snow represented during the hearing on this matter that in 1995 he checked with the Clerk’s office to determine the status of the case and judgment entered shortly thereafter.

As noted supra at footnote 1, Malin contends that he did not receive notice of the entry of judgment as the result of a clerical error in the Clerk’s office.

The judgment entered October 10, 1995, therefore, a Rule 60(b)(1) motion would have been timely if filed by October 10, 1996.